# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:22-cv-00171-KBD-DCK

|  |  |
|---|---|
| MOUNTAINEER MOTORS OF LENOIR, LLC, D/B/A, CAR GUYS MOUNTAINEER MOTORS, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>  vs.<br><br>CARVANA GROUP LLC.;<br>CARVANA, LLC;<br>CARVANA CARS, LLC;<br>CARVANA FAC LLC;<br>CARVANA LOGISTICS LLC;<br>CARVANA CO., LLC;<br>ERNEST GARCIA II;<br>ERNEST GARCIA III; and<br>DOES 1 THROUGH 10,<br><br>    Defendants. | **DECLARATION OF GREGORY T. SAETRUM IN SUPPORT OF CARVANA'S MOTION TO ENFORCE AGREEMENT AND ALTERNATIVE MOTION FOR ATTORNEYS' FEES**<br><br>Honorable Kenneth D. Bell and David C. Keesler |

Gregory T. Saetrum, being duly sworn, declares:

1.      I am an attorney licensed to practice law in the State of Arizona.  I have been admitted *pro hac* vice in this case.  I am over the age of 18 years and am competent to make this declaration.  This declaration is based upon my personal knowledge, and if called upon to testify, I could and would competently testify to the information in this declaration.

2.      I am a partner in the law firm of Squire Patton Boggs (US) LLP ("Squire"), attorneys for Carvana[1] in this matter.  I make this declaration in support of Carvana's Motion to Enforce Agreement and Alternative Application for Attorney's Fees (the "Motion") filed contemporaneously herewith.

---

[1] For purposes of this declaration, Carvana Group, LLC, Carvana, LLC, Carvana Cars, LLC, Carvana FAC, LLC, Carvana Logistics, LLC, and Carvana Co. are collectively referred to herein as "Carvana."  Carvana Co. was misidentified by Plaintiff as Carvana Co, LLC.

## The Parties' Agreement

3.      On October 25, 2023, I called counsel for Plaintiff regarding the above-referenced matter, leaving a voice message for Salvatore Badala.

4.      Shortly thereafter, at approximately 1:37 pm ET, I received a call from Plaintiff's counsel, Nevin Wisnoski.  During the call, I explained that Carvana would forego its application for attorneys' fees if Plaintiff would agree not to appeal or otherwise challenge the Court's order so that this matter could be brought to an end.  Mr. Wisnoski explained that he would need to speak with colleagues and their client about this offer, and he would get back to me soon.

5.      On Friday, October 27, 2023, Mr. Wisnoski responded via email acknowledging our prior call and explaining that they would like to have until Monday to discuss Carvana's offer with their client.   A true and correct copy of this email exchange is attached hereto as **Exhibit A**.

6.      On October 31, 2023, at approximately 9:30 am, I received a call from Mr. Wisnowski regarding Carvana's offer.  Mr. Wisnowski accepted Carvana's offer, explaining that Plaintiff would not be appealing this Court's order.

7.      Based on this conversation, counsel for Carvana ceased working on Carvana's motion for attorneys' fees.

8.      Shortly thereafter, I sent Plaintiff's counsel a confirmatory email.  [Oct. 31, 2023 Email from Saetrum, Ex. A hereto.]

9.      Plaintiff's counsel did not respond to the email until 5:01 pm ET on November 1, 2023, the night before Carvana's motion for attorneys' fees was due.  [Nov. 1, 2023 Email from Badala, Ex. A hereto.]  Therein, contrary to their previous agreement, Plaintiff's counsel stated that they were "awaiting confirmation from the client . . . ."  [*Id.*]

10.      I responded by recounting the history of the parties' agreement.  [Nov. 1, 2023 Email from Saetrum, Ex. A.]

11.      Plaintiff's counsel did not dispute this history of events or the parties' previous agreement.  [Emails between Saetrum and Badala/Wisnowski, Ex. A.]

## Carvana's Alternative Motion For Attorneys' Fees

12.     In my capacity as attorney in this matter for Carvana, I am familiar with the nature of this litigation and the work conducted in representing Carvana in this matter. I reviewed each of the billing statements before they were submitted to Carvana for payment.

13.     In the course of Squire's representation of Carvana in this matter, Squire provided legal services to Carvana that were reasonable and necessary to prevail on Plaintiff's Lanham Act claim. These services include, but are not limited to (1) investigating the allegations set forth in Plaintiff's original and first amended class action complaints; (2) developing defenses to Plaintiff's Lanham Act claim, including identifying legal research that refuted Plaintiff's claims and supported Carvana's defenses; (3) participating in two pre-motion to dismiss meet and confer conferences with Plaintiff's counsel; (4) briefing Carvana's motion to dismiss Plaintiff's Lanham Act claim as set forth in Plaintiff's original complaint; (5) opposing Plaintiff's attempt to assert Lanham Act claims against Carvana's CEO personally, (6) briefing Carvana's motion to dismiss Plaintiff's Lanham Act claim as set forth in Plaintiff's amended complaint; and (7) preparing Carvana's motion for attorneys' fees.

14.     Over the course of Squire's representation of Carvana in this case, I ensured that the fees actually billed to Carvana were reasonable and not excessive, including by eliminating or reducing the amount actually bill to avoid unnecessary, duplicative, or excessive time.

15.     In preparing this motion, I reviewed Squire's time entries relating to this matter, removed time devoted to Plaintiff's Unfair and Deceptive Trade Practices Act, unfair competition, and Vehicle Dealers and Manufacturers Licensing Law claims, and removed any other time not related to securing the dismissal of Plaintiff's Lanham Act Claim.

16.     **Exhibit B** hereto contains a detailed description of the attorneys' fees Carvana seeks to recover. It states the date the work was performed, identifies the individual who performed it, describes the work performed, and states the amount of time expended in performing the work. I have reviewed and approved the time and charges set forth in Exhibit B.

17. Exhibit B include fees that were reasonable and necessary to complete the list of non-exclusive tasks set forth above (at ¶ 13) and to secure dismissal of Plaintiff's Lanham Act claim.

18. Squire routinely represents clients in complex litigation, including class actions in which plaintiffs seek to represent a nationwide class. Here, Plaintiff sought to assert a Lanham Act claim on behalf of a nationwide class consisting of "all individuals or entities . . . in the 50-states duly licensed by their respective State's law to operate as dealerships for the marketing and sales of used motor vehicles at any time from four years prior to the commencement of this action." Based on my experience, I am familiar with the prevailing market rates at similar firms who litigate nationwide class actions.

19. Based on my experience, the rates of Squire's attorneys are reasonable for the services and quality of work provided and the results achieved. The rates that Squire charged to Carvana for the attorneys who worked on this matter are lower than the rates that Squire regularly charges for the work of these attorneys.

20. The rate Squire charged Carvana for work performed by attorney Gregory Saetrum was $565.26 per hour. The rate Squire charged Carvana for work performed by attorney Brian Cabianca was $845.75 per hour. The rate Squire charged Carvana for work performed by attorney Kaitlyn Hertzog was $412.25 per hour.

21. These rates are reasonable for lawyers representing clients in nationwide class action litigation at comparable firms with similar experience, skill, and expertise.

22. Moreover, Squire's rates are comparable to rates that this Court has deemed reasonable in class actions. [*See* Martin Dec. (Conrad, J.), Ex. C hereto (granting application for attorneys' fees in class action in which counsel charged hourly rates of $1,000, $800, and $468); Richter Dec. (Bell, J.) , Ex. D (approving rates ranging from $425 to $900 per hour)]; *see also Johnson v. Palms Assocs.*, 1:20-cv-1049, 2023 WL 5276348, at *11 (M.D.N.C. Aug. 16, 2023) (approving an hourly rate of $700 in class action litigation and explaining that "[o]ther courts in this District have accepted rates of $700 per hour for attorneys in particularly complex cases");

*Linnins v. Haeco Americas, Inc.*, 1:16CV486, 2018 WL 5312193, at *6 (M.D.N.C. Oct. 26, 2018) (citing cases approving rates between $600-$975 per hour).

23. Carvana has already paid or agreed to pay these rates to Squire for the services provided on its behalf.

24. I, Gregory T. Saetrum, am a partner with Squire. I received my Bachelor's Degree in Business and Leadership from the University of Puget Sound in 2010. In 2013, I graduated first in my law school class, *summa cum laude, Order of the Coif* from the University of Arizona James E. Rogers College of Law. I have been practicing commercial litigation since 2013. I regularly represent clients in complex civil litigation and class action matters, such as this mater, developing considerable experience in the handling and resolution of such disputes. My billing rate was $565.26 per hour for the services I performed on Carvana's behalf in this matter. Carvana was charged and has paid these rates for my services. As one of the lead attorneys for Carvana in this matter, I oversaw all aspects of the litigation.

25. Brian A. Cabianca, is an equity partner with Squire, and is the Chair of Squire's litigation practices in Denver, Phoenix, Dallas, and Houston. He received his Bachelor's degree from Arizona State University in 1992 and graduated *Order of the Coif* from the Arizona State University College of Law in 1995. He has been practicing commercial litigation for over 25 years. Mr. Cabianca formerly served as the chair of the Arizona State Bar of Arizona's Class Action and Derivative Suits Committee. He regularly defends clients against putative class actions and has published on class action procedure. His billing rate was $845.75 per hour for the services he performed on Carvana's behalf in this matter. Carvana was charged and has paid these rates for his services.

26. Kaitlyn Hertzog is an associate with Squire. She received her Bachelor of Science degree, *cum laude*, from the University of Denver in 2016. In 2020, she graduated *magna cum laude, Order of the Coif* from the Arizona State University College of Law. She has been practicing commercial litigation since 2020. Her billing rate was $412.25 per hour for the services

she provided on Carvana's behalf in this matter.  Carvana was charged and has paid these rates for her services.

27.     As shown in detail in Exhibit B hereto, Carvana incurred and seeks to recover $80,174.06 in attorneys' fees.

28.     After reviewing the time records and evaluating the efforts necessary to prevail Plaintiff's Lanham Act claim, I confirm that the amounts Carvana seeks to recover are reasonable and appropriate.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  November 2, 2023

*Gregory T. Saetrum*_____
Gregory T. Saetrum

# EXHIBIT A

| | |
|---|---|
| **From:** | Salvatore C. Badala <SBadala@NapoliLaw.com> |
| **Sent:** | Wednesday, November 1, 2023 2:01 PM |
| **To:** | Saetrum, Gregory T.; Nevin Wisnoski |
| **Cc:** | Rebeca Martinez; Hunter Shkolnik |
| **Subject:** | [EXT] RE: MM v. Carvana et. al. |

Greg,

As you know we all have clients. You asked to speak with me and I told you the situation.

We have no problem stipulated to extend the time for you to submit an application. We will get you an answer tonight if we can.

I hope you understand.

Thanks,
Sal

**From:** Saetrum, Gregory T. <gregory.saetrum@squirepb.com>
**Sent:** Wednesday, November 1, 2023 4:38 PM
**To:** Salvatore C. Badala <SBadala@NapoliLaw.com>; Nevin Wisnoski <NWisnoski@NapoliLaw.com>
**Cc:** Rebeca Martinez <RMartinez@NSPRLaw.com>; Hunter Shkolnik <Hunter@nsprlaw.com>
**Subject:** RE: MM v. Carvana et. al.

Salvatore,

Our attorneys' fees application is due tomorrow, and thus we can no longer wait. And, in any event, your email indicating that you are still "awaiting confirmation" is inconsistent with our previous discussions. Specifically, after leaving you a message last week, I spoke with Nevin and explained that Carvana would forego its right to recover attorneys' fees if Plaintiff would not challenge the ruling. When I spoke with Nevin about this proposal yesterday, he confirmed that Mountaineer Motors would not be appealing the ruling. The email was simply written confirmation of the verbal agreement.

Absent confirmation by 5 pm EST, we will thus be moving forward to recover the attorneys' fees Carvana has and now continues to incur in connection with this matter.

Regards,
Greg

**From:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Sent:** Wednesday, November 1, 2023 1:05 PM
**To:** Saetrum, Gregory T. <gregory.saetrum@squirepb.com>; Nevin Wisnoski <NWisnoski@NapoliLaw.com>
**Cc:** Rebeca Martinez <RMartinez@NSPRLaw.com>; Hunter Shkolnik <Hunter@nsprlaw.com>
**Subject:** [EXT] RE: MM v. Carvana et. al.

Greg,

At this time, our firm is unlikely to pursue an appeal. But, we are awaiting confirmation from the client so please bear with us.

**From:** Saetrum, Gregory T. <gregory.saetrum@squirepb.com>
**Sent:** Wednesday, November 1, 2023 1:33 PM
**To:** Nevin Wisnoski <NWisnoski@NapoliLaw.com>; Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** Rebeca Martinez <RMartinez@NSPRLaw.com>
**Subject:** RE: MM v. Carvana et. al.

Salvatore and Nevin,

Following up regarding the below. Please confirm.

Best,
Greg

**From:** Saetrum, Gregory T.
**Sent:** Tuesday, October 31, 2023 11:27 AM
**To:** 'Nevin Wisnoski' <NWisnoski@NapoliLaw.com>; Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** Rebeca Martinez <RMartinez@NSPRLaw.com>
**Subject:** RE: MM v. Carvana et. al.

Salvatore and Nevin,

Further to my call with Nevin this morning and last week, in exchange for Carvana foregoing its right to seek the recovery of attorneys' fees, Plaintiff has agreed not to appeal or otherwise challenge the district court's ruling in the *Mountaineer Motor's* matter. Please confirm Mountaineer Motor's agreement to the foregoing in writing by responding affirmatively to this email.

Best regards,
Greg

**From:** Nevin Wisnoski <NWisnoski@NapoliLaw.com>
**Sent:** Friday, October 27, 2023 5:13 AM
**To:** Saetrum, Gregory T. <gregory.saetrum@squirepb.com>
**Cc:** Salvatore C. Badala <SBadala@NapoliLaw.com>; Rebeca Martinez <RMartinez@NSPRLaw.com>
**Subject:** [EXT] MM v. Carvana et. al.

Greg,

Thanks for your call Wednesday.

We'd like to have until Monday to get back to regarding an appeal so that we can fully discuss the options with our client. I hope that is agreeable.

Thanks again,
Nevin

## Nevin Wisnoski

**Associate**
**Admitted in: NC, 4th Cir**



(212) 397-1000 | [NWisnoski@NapoliLaw.com](mailto:NWisnoski@NapoliLaw.com)
1213 Culbreth Drive, Suite 216, Wilmington, NC 28405

[Our Mission Statement](#)

**Follow us on Social Media**

   

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

Over 40 Offices across 4 Continents

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice regarding the processing of UK and EU personal data about clients and other business contacts at [www.squirepattonboggs.com](http://www.squirepattonboggs.com)

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit [www.squirepattonboggs.com](http://www.squirepattonboggs.com) for more information.

#US

## Salvatore C. Badala

**Partner**
**Admitted in: NY**



(212) 397-1000 Ext. 1045 | [SBadala@NapoliLaw.com](mailto:SBadala@NapoliLaw.com)
400 Broadhollow Rd, Suite 305, Melville, NY 11747 | [vCard](#)

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

## Salvatore C. Badala

**Partner**
**Admitted in: NY**

NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

(212) 397-1000 Ext. 1045 | SBadala@NapoliLaw.com
400 Broadhollow Rd, Suite 305, Melville, NY 11747 | vCard

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

# EXHIBIT B

| Date | TKPR Name | Client Name | Matter Name | Hourly Rate | Bl Hrs | Fees | Narrative |
|---|---|---|---|---|---|---|---|
| 11/20/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.3 | $ 169.58 | Review Mountaineer motors complaint and work on initial analysis, with respect to Lanham Act claim. |
| 11/21/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Further evaluate defenses to Plaintiff's claims, focusing on Lanham Act Claims. |
| 11/22/2022 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.7 | $ 592.03 | Review and analyze complaint and work on plan for response and motion to dismiss same, with respect to Lanham Act claims. |
| 11/22/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.3 | $ 169.58 | Prepare for and participate in telephone conference with Carvana regarding Mountaineer class action. |
| 11/22/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.9 | $ 1,073.99 | Further research defenses to Plaintiff's claims and develop going-forward plan, focusing on Lanham Act aspects of litigation. |
| 11/29/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.3 | $ 169.58 | Further develop strategy, defenses, and going forward plan. |
| 12/1/2022 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.4 | $ 164.90 | Review and analyze class action complaint and North Carolina division of motor vehicles decision in anticipation of developing defenses to plaintiff's claims. |
| 12/1/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.7 | $ 960.94 | Further research and develop defenses to Plaintiff's class action complaint, focusing on false advertising claims. |
| 12/2/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.9 | $ 508.73 | Further research and develop defenses to Mountaineer Motor's claims, focusing on false advertising claim. |
| 12/6/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.2 | $ 113.05 | Review docket and correspond with Carvana regarding case status. |
| 12/16/2022 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.3 | $ 253.73 | Work on issues and litigation plan, with respect to Lanham Act claim. |
| 12/19/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.5 | $ 282.63 | Draft and revise memorandum regarding claims and defenses. |
| 12/20/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Further draft and revise memorandum regarding claims and defenses. |
| 12/20/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.6 | $ 339.16 | Further research and outline defenses to Plaintiff's Lanham Act claim. |
| 12/22/2022 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.4 | $ 338.30 | Review and analyze legal research on motion to dismiss, with respect to Lanham Act. |
| 12/22/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.3 | $ 169.58 | Prepare for and participate in telephone conference with Carvana regarding Mountaineer Motors going forward strategy. |
| 12/22/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.1 | $ 621.79 | Further research and develop defenses to Plaintiff's Lanham Act claim and strategy for litigation going forward. |
| 12/22/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Draft and revise analysis of Plaintiff's claims and defenses. |
| 12/23/2022 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.3 | $ 253.73 | Work on plan for response to complaint. |
| 12/27/2022 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.3 | $ 253.73 | Work on issues regarding motion to dismiss, with respect to Lanham Act claim. |
| 12/28/2022 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.1 | $ 84.58 | Work on issues regarding motion to dismiss. |
| 12/28/2022 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Work on outline of motion to dismiss, with respect to Lanham Act claims. |
| 1/5/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Research and analyze federal cases holding that Lanham Act unfair advertising claims must be pled with particularity to support argument regarding the same in Carvana's motion to dismiss. |
| 1/5/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.5 | $ 282.63 | Further research and develop defenses to Plaintiff's claims, focusing on inadequate pleading of false advertising claim. |
| 1/6/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.3 | $ 169.58 | Further outline motion to dismiss, with respect to Lanham Act claim. |
| 1/6/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.1 | $ 621.79 | Further research and develop authorities and argument in support of motion to dismiss, focusing false advertising claims. |
| 1/9/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.3 | $ 734.84 | Further research and develop case law supporting motion to dismiss as to false advertising claim. |
| 1/9/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.3 | $ 734.84 | Draft and revise motion to dismiss. |
| 1/10/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.1 | $ 453.48 | Further research and analyze federal cases in which courts dismissed Lanham Act claims because the plaintiff did not meet Rule 9(b)'s particularity requirement in advance of drafting argument regarding the same in Carvana's motion to dismiss. |
| 1/10/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Further research and develop authorities supporting motion to dismiss arguments as to false advertising. |
| 1/10/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.5 | $ 282.63 | Work on motion to dismiss. |
| 1/11/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.6 | $ 247.35 | Further research and analyze federal cases assessing the instances in which omissions are actionable under the Lanham Act to support argument that Plaintiff's Lanham Act claims predicated on Carvana's alleged failure to disclose are not actionable. |
| 1/11/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.5 | $ 282.63 | Research and analyze previous Judge Bell cases involving and false advertising claims. |
| 1/11/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Review Judge Bell standing order regarding pre-motion settlement discussions and prepare for meeting with Plaintiff's counsel regarding the same. |
| 1/11/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 2.6 | $ 1,469.68 | Draft and revise Carvana's motion to dismiss, with respect to false advertising claim and related factual background. |
| 1/12/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.1 | $ 453.48 | Research and analyze North Carolina federal cases in which courts took judicial notice of website screenshots on a motion to dismiss to support argument that the Court can take judicial notice of Carvana's online advertisements because they are central to Plaintiff's claims. |
| 1/12/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.2 | $ 113.05 | Correspond with Plaintiff's counsel regarding required pre-motion to dismiss conference. |
| 1/12/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.5 | $ 282.63 | Further research and develop authorities supporting key false advrtising dismissal arguments. |
| 1/12/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.4 | $ 791.36 | Further draft and revise motion to dismiss, focusing on Lanham Act and related background. |
| 1/13/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.1 | $ 453.48 | Research and analyze federal cases dismissing a Lanham Act false advertising claim because the plaintiff failed to identify the allegedly false advertisement to support argument regarding the same in Carvana's motion to dismiss. |
| 1/13/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Draft and revise Carvana's motion to dismiss as to false advertising and related background. |
| 1/13/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.9 | $ 508.73 | Further draft and revise motion to dismiss and develop authorities in support of the same. |
| 1/14/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.3 | $ 169.58 | Further draft and revise motion to dismiss. |
| 1/15/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Work on motion to dismiss, focusing on Lanham Act. |
| 1/16/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.3 | $ 734.84 | Further draft and revise Cavana's motion to dismiss with respect to false advertising and related background. |
| 1/17/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.3 | $ 253.73 | Work on issues regarding plan for settlement conference with plaintiff's counsel. |
| 1/17/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.3 | $ 169.58 | Further revise motion to dismiss and develop further supporting authorities regarding the same as to Lanham Act. |
| 1/18/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.4 | $ 164.90 | Draft and revise Carvana's motion to dismiss, specifically the argument section, in preparation of filing the same. |
| 1/18/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Make further revisions to Carvana's motion to dismiss to comply with local rule's formatting requirements. |
| 1/18/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.2 | $ 113.05 | Work on motion to dismiss and related papers. |
| 1/18/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.7 | $ 395.68 | Prepare for and participate in video conference with Plaintiff's counsel. |
| 1/18/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.2 | $ 113.05 | Correspond with Carvana regarding settlement discussions with Plaintiff's counsel. |
| 1/19/2023 | Booz, Margaret L. | Carvana | Mountaineer Motors of Lenoir, | 463.25 | 0.3 | $ 138.98 | Review motion to dismiss. |
| 1/19/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.2 | $ 169.15 | Work on issues regarding motion to dismiss, focusing on false advertising. |
| 1/19/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.7 | $ 288.58 | Further revise and finalize Carvana's motion to dismiss in preparation of filing the same, including hyperlinking legal authority and cite checking key cases and record citations. |
| 1/19/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.4 | $ 164.90 | Begin implementing client's substantive revisions to motion to dismiss in preparation of filing the same. |
| 1/19/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.5 | $ 282.63 | Further draft and revise motion to dismiss and supporting papers. |
| 1/19/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.7 | $ 395.68 | Further research and develop supporting authorities for motion to dismiss with respect to Lanham Act claim. |
| 1/20/2023 | Booz, Margaret L. | Carvana | Mountaineer Motors of Lenoir, | 463.25 | 0.2 | $ 92.65 | Final review and filing of MTD. |
| 1/20/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Make final revisions to motion to dismiss in preparation of filing the same, including implementing all client revisions. |
| 1/20/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.2 | $ 113.05 | Review correspondence and edits form Carvana. |
| 1/20/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 2.3 | $ 1,300.10 | Further draft and revise motion to dismiss, memorandum of law in support, and settlement certificate and oversee filing of the same. |
| 1/20/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.2 | $ 113.05 | Correspond with Plaintiff's counsel regarding settlement certificate. |
| 1/30/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.5 | $ 282.63 | Review correspondence and revise proposed stipulation and orders from Plaintiff's counsel. |

| Date | TKPR Name | Client Name | Matter Name | Hourly Rate | Bl Hrs | Fees | Narrative |
|------|-----------|-------------|-------------|-------------|--------|------|-----------|
| 1/31/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.2 | $ 169.15 | Work on issues regarding plaintiff's plan to file amended complaint. |
| 1/31/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Correspond with Plaintiff's counsel regarding response to motion to dismiss and extension request. |
| 2/1/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.2 | $ 113.05 | Correspond with Carvana regarding Plaintiff's plan to file amended complaint and extension relating to the same. |
| 3/3/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.2 | $ 169.15 | Review and analyze amended complaint and work on issues regarding same. |
| 3/5/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.4 | $ 338.30 | Review and analyze amended complaint and work on plan for motion to dismiss. |
| 3/5/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.9 | $ 508.73 | Analyze Plaintiff's amended complaint and outline strategy for responding false advertising to the same. |
| 3/5/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.2 | $ 113.05 | Correspond with Carvana regarding amended complaint, including changes and going-forward strategy. |
| 3/6/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Further analyze Plaintiff's first amended complaint and prepare analysis of changes in preparation for drafting motion to dismiss the same. |
| 3/6/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.1 | $ 621.79 | Further analyze Plaintiff's amended complaint and research and develop responses to new allegations set forth in the same. |
| 3/7/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.4 | $ 338.30 | Work on plan for response to amended complaint as to Lanham allegations. |
| 3/8/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 1.1 | $ 621.79 | Further review amended complaint and develop authorities supporting false advertising defenses. |
| 3/9/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.4 | $ 338.30 | Work on issues regarding response to amended complaint. |
| 3/9/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1 | $ 565.26 | Further research and develop key defenses and outline motion to dismiss with respect to Lanham Act claims. |
| 3/10/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.2 | $ 169.15 | Work on and review memorandum to motion to dismiss amended complaint, focusing on false advertising issues and realted background. |
| 3/10/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.7 | $ 592.03 | Work on issues and plan for motion to dismiss plaintiff's amended complaint. |
| 3/22/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.2 | $ 82.45 | Continue working to further develop strategy in responding to Plaintiff's first amended complaint. |
| 3/22/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.2 | $ 113.05 | Further research and develop authorities supporting defenses to Plaintiff's new allegations with respect to Lanham Act and related alleations. |
| 3/23/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.3 | $ 734.84 | Further develop authorities contrary to Plaintiff's additional arguments in amended complaint and incorporate into outline for motion to dismiss, focused on false advertisign allegations. |
| 3/23/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.4 | $ 791.36 | Draft and revise motion to dismiss amended complaint. |
| 3/24/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.2 | $ 494.70 | Review and analyze North Carolina state and federal cases to assess cases regarding the factors that courts apply in determining whether a court has general and/or specific jurisdiction. |
| 3/24/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Research and analyze North Carolina state and federal cases regarding citations for the test courts apply to pierce an LLC's veil and draft and revise analysis of the same. |
| 3/24/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.6 | $ 339.16 | Work on motion to dismiss amended complaint, focusing on false advertising claims and pertinent background. |
| 3/26/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.6 | $ 659.60 | Further analyze Delaware state and federal cases relating to piercing the corporate veil and draft and revise assessment of the same to support arguments in motion to dismiss. |
| 3/26/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.6 | $ 247.35 | Research and analyze North Carolina federal cases to identify the law that courts apply in assessing whether to pierce an out-of-state corporation's corporate veil and draft assessment of the same to support motion to dismiss arguments. |
| 3/26/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.1 | $ 621.79 | Further research and develop authorities supporting key arguments on motion to dismiss, focusing on false advertising. |
| 3/26/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 2.3 | $ 1,300.10 | Draft and revise Carvana's motion to dismiss Plaintiff's amended complaint. |
| 3/27/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Further develop authorities regarding jurisdiction to support argument in motion to dismiss. |
| 3/27/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.1 | $ 453.48 | Further develop North Carolina cases demonstrating that specific jurisdiction is established by virtue of being a corporate officer/shareholder to support arguments in motion to dismiss. |
| 3/27/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.3 | $ 123.68 | Assess North Carolina cases setting forth the burden in establishing personal jurisdiction to support arguments in the Defendants' motion to dismiss. |
| 3/27/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.4 | $ 164.90 | Research and analyze North Carolina federal cases setting forth the standards for reviewing a 12(b)(2) motion to dismiss to further support arguments in the defendants' motion to dismiss. |
| 3/27/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.5 | $ 618.38 | Draft and revise Carvana's motion to dismiss Plaintiff's amended complaint a, specifically the argument that North Carolina courts lack specific or general jurisdiction over either defendant. |
| 3/27/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 3.4 | $ 1,921.88 | Draft and revise motion to dismiss, focusing on personal liability and veil piercing allegations in Plaintiff's amended complaint. |
| 3/27/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.9 | $ 1,073.99 | Further draft and revise Carvana's motion to dismiss Amended Complaint. |
| 3/27/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.4 | $ 791.36 | Research and develop authorities under North Carolina and Delaware law demonstrating that piercing the corporate veil is inappropriate under allegations in Plaintiff's complaint. |
| 3/28/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.8 | $ 676.60 | Work on and review Carvana's motion to dismiss, focusing on Lanham Act. |
| 3/28/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.7 | $ 288.58 | Implement substantive revisions to Defendants' motion to dismiss in advance of sending motion to client for further review. |
| 3/28/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.6 | $ 659.60 | Finish drafting and revising Defendants' argument that North Carolina courts lack specific or general jurisdiction over them because, among other things, neither defendant is domiciled in the state or personally directed business there. |
| 3/28/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.8 | $ 452.21 | Work on motion to dismiss, including additional analysis of jurisdiction over absent class members and preservation of the same. |
| 3/28/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.9 | $ 1,073.99 | Further draft and revise motion to dismiss and work on declarations. |
| 3/29/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.7 | $ 395.68 | Work on motion to dismiss. |
| 3/29/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.3 | $ 734.84 | Further draft and revise motion to dismiss and declarations in support of the same. |
| 3/30/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.2 | $ 169.15 | Work on issues regarding motions to dismiss. |
| 3/30/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.3 | $ 169.58 | Correspond and telephone conference with Plaintiff's counsel regarding motion to dismiss per Judge Bell's standing order. |
| 3/31/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Work on motion to dismiss. |
| 4/2/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.2 | $ 169.15 | Work on issues regarding finalizing motions to dismiss and supporting declarations. |
| 4/2/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.9 | $ 783.28 | Make final revisions to Carvana's motion to dismiss Plaintiff's amended complaint, including implementing Carvana's substantive revisions, and updating legal authorities. |
| 4/2/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 3.3 | $ 1,360.43 | Finalize Defendants' motion to dismiss, including updating legal authorities, adding record citations, finalizing declarations, and implementing final substantive revisions. |
| 4/2/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.3 | $ 169.58 | Work on motion to dismiss. |
| 4/3/2023 | Booz, Margaret L. | Carvana | Mountaineer Motors of Lenoir, | 463.25 | 1.3 | $ 602.23 | Review and edit drafts of motions to dismiss and work to finalize and file motions. |
| 4/3/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Draft motion to dismiss to file in connection with the memorandums to dismiss Plaintiff's amended complaint. |
| 4/3/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.7 | $ 288.58 | Organize exhibits to file in connection with the Defendants' motion to dismiss, including index of the same. |
| 4/3/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.8 | $ 329.80 | Make final revisions to Carvana's motion to dismiss and file the same. |
| 4/3/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.9 | $ 508.73 | Work on Carvana's motion to dismiss and prepare for filing. |
| 4/3/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.8 | $ 452.21 | Further review and revise motion to dismiss and prepare for filing. |
| 4/11/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.2 | $ 169.15 | Work on and review stipulation regarding briefing schedule. |
| 5/1/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.7 | $ 592.03 | Review and analyze plaintiff's omnibus opposition to defendants' motion to dismiss and work on plan for reply. |
| 5/1/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.4 | $ 791.36 | Review and analyze Plaintiff's response to defendants motion to dismiss. |
| 5/2/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.8 | $ 676.60 | Work on plan for replies in support of motions to dismiss. |
| 5/2/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.7 | $ 288.58 | Draft and revise stipulation for extension of time to respond to Plaintiff's opposition to motion to dismiss and proposed order granting the same. |

| Date | TKPR Name | Client Name | Matter Name | Hourly Rate | Bl Hrs | Fees | Narrative |
|---|---|---|---|---|---|---|---|
| 5/2/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Work on stipulation and proposed order for extension to file reply and correspond with Plaintiff's counsel regarding the same. |
| 5/2/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Further review opposition to motion to dismiss and work on outline of reply. |
| 5/3/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.7 | $ 395.68 | Further review Plaintiff's response to motion to dismiss and outline responses to key allegations. |
| 5/4/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.3 | $ 123.68 | Begin reviewing and analyzing plaintiff's opposition to defendants' motion to dismiss in advance of filing reply to the same. |
| 5/5/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1 | $ 565.26 | Further review and analyze authorities cited by Plaintiff, develop contrary authorities, and outline reply in support of motion to dismiss. |
| 5/8/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.4 | $ 791.36 | Further develop authorities supporting reply in support of motion to dismiss and begin drafting the same. |
| 5/9/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.2 | $ 494.70 | Begin researching and analyzing North Carolina state and federal authority setting forth the standard that court's apply in determining whether a plaintiff has met its evidentiary burden to establish personal jurisdiction to support argument that plaintiff has not met its burden because it failed to submit any evidence in opposition to defendants' declarations. |
| 5/9/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Further review and analyze Plaintiff's opposition to the motion to dismiss for lack of personal jurisdiction to identify key arguments and outline responses to the same. |
| 5/9/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 2.1 | $ 1,187.05 | Further research and develop key issues and work on Carvana's reply in support of its motion for summary judgment. |
| 5/9/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.6 | $ 339.16 | Work on reply in support of motion to dismiss. |
| 5/10/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Develop North Carolina federal authority to support argument that establishing personal jurisdiction over a corporate defendant via a veil piercing theory is exceptional under North Carolina and Delaware law. |
| 5/10/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Begin drafting and revising introduction to the Reply. |
| 5/10/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.8 | $ 329.80 | Continue researching and analyzing North Carolina state and federal authority to support argument that a plaintiff cannot rest on mere allegations to establish personal jurisdiction when jurisdiction is disputed. |
| 5/11/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Draft and revise argument that plaintiff's claims should be dismissed under Rule 12(b)(2) because plaintiff failed to rebut jurisdictional declarations with a competing declaration or affidavit. |
| 5/11/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 2.9 | $ 1,195.53 | Identify North Carolina federal cases in which courts dismissed a complaint under 12(b)(2) because the plaintiff failed to rebut the defendant's jurisdictional declaration with a competing declaration. |
| 5/11/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Draft and revise argument that plaintiff's claims should be dismissed under Rule 12(b)(2) because it is exceptional to establish personal jurisdiction via veil piercing theory. |
| 5/11/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Draft and revise argument that plaintiff's claims should be dismissed under Rule 12(b)(2) because plaintiff failed to rebut the jurisdictional declarations with a competing declaration or affidavit. |
| 5/11/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.7 | $ 288.58 | Draft and revise argument utilizing North Carolina and Delaware state and federal cases to support argument that establishing personal jurisdiction over a corporate defendant via a veil piercing theory is exceptional and disfavored. |
| 5/11/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.3 | $ 734.84 | Further draft and revise Carvana's reply in support of motion to dismiss and develop authorities supporting the same, focusing on legislative history and related administrative materials. |
| 5/12/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 4.3 | $ 1,772.68 | Finish drafting and revising the reply in support of their motion to dismiss, including argument that Plaintiff has not stated a claim to pierce Carvana's corporate veil for liability purposes and identify North Carolina and Delaware case law to support the same. |
| 5/12/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.3 | $ 734.84 | Work on reply in support of motion to dismiss as to false advertising allegations. |
| 5/12/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.8 | $ 452.21 | Work on reply in support of motion to dismiss as to false advertising allegations. |
| 5/13/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 5.6 | $ 3,165.46 | Further draft and revise reply in support of motion to dismiss, focusing on veil piercing allegations. |
| 5/13/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.7 | $ 395.68 | Further draft and revise reply in support of motion to dismiss, focusing on false advertising allegations. |
| 5/14/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.7 | $ 288.58 | Further revise Carvana's Reply in advance of sending the same to Carvana for review. |
| 5/15/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 2.6 | $ 2,198.95 | Work on and revise replies in support of motion to dismiss for lack of personal jurisdiction. |
| 5/15/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.8 | $ 676.60 | Work on and revise reply in support of motion to dismiss for lack of personal jurisdiction and joinder in Carvana's substantive motion. |
| 5/15/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Begin implementing Brian Cabianca's substantive revisions to the reply in support of their motion to dismiss. |
| 5/16/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.2 | $ 169.15 | Work on issues regarding replies in support of motions to dismiss. |
| 5/16/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.1 | $ 453.48 | Continue implementing Brian Cabianca's substantive revisions to Carvana's reply in support of its motion to dismiss. |
| 5/17/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.7 | $ 592.03 | Work on and revise Carvana's motion to dismiss plaintiff's amended class action complaint. |
| 5/17/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 1.2 | $ 1,014.90 | Work on and revise motion to dismiss claims. |
| 5/17/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.3 | $ 535.93 | Continue implementing Brian Cabianca's substantive revisions to Carvana's Reply in Support of Motion to Dismiss. |
| 5/17/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.9 | $ 371.03 | Draft stipulated motion to exceed page limit in reply briefs and proposed order granting the same. |
| 5/17/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.8 | $ 452.21 | Further draft and revise Carvana's reply in support of motion to dismiss. |
| 5/17/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.7 | $ 395.68 | Work on reply in support of motion to dismiss, focusing on Lanham Act. |
| 5/18/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.6 | $ 247.35 | Finish drafting and revising stipulated motion to exceed Judge Bell's page limit for reply briefs and proposed order granting the same in advance of filing. |
| 5/18/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.3 | $ 123.68 | Work on Reply in Support of Motion to Dismiss as to false advertising allegations. |
| 5/18/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.6 | $ 339.16 | Work on motion to modify page limitations including multiple correspondence with Plaintiff's counsel. |
| 5/19/2023 | Cabianca, Brian A. | Carvana | Mountaineer Motors of Lenoir, | 845.75 | 0.2 | $ 169.15 | Work on issues and plan for motion to dismiss. |
| 5/19/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 1.9 | $ 783.28 | Continue finalizing the Reply in Support of Motion to Dismiss |
| 5/19/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.4 | $ 164.90 | Review and analyze the Western District of North Carolina's formatting and electronic filing requirements and update reply briefs in light of the same. |
| 5/19/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.4 | $ 226.10 | Work on modification of page limitations and correspond with Plaintiff's counsel regarding the same. |
| 5/20/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.8 | $ 329.80 | Review and analyze North Carolina state and federal case law in which courts dismissed complaints under Rule 12(b)(2) because the plaintiff did not respond to defendant's personal jurisdiction declaration with a competing declaration and update reply to incorporate the same. |
| 5/21/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.4 | $ 164.90 | Finalize defendants' Reply and prepare for filing. |
| 5/21/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 2.2 | $ 906.95 | Begin finalizing Carvana's Reply in Support of Motion to Dismiss, including proofing record citations and confirming all legal authority . |
| 5/21/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.8 | $ 452.21 | Work on reply in support of motion to dismiss. |
| 5/22/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.4 | $ 164.90 | Finish preparing exhibits to file in support of the defendants' Reply brief. |
| 5/22/2023 | Hertzog, Kaitlyn R. | Carvana | Mountaineer Motors of Lenoir, | 412.25 | 0.3 | $ 123.68 | Finish finalizing Carvana's Reply Brief, as to Lanham Act alleagations. |
| 5/22/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 1.1 | $ 621.79 | Further draft and revise defendants' reply in support of motion to dismiss. |
| 5/22/2023 | Saetrum, Gregory T. | Carvana | Mountaineer Motors of Lenoir, | 565.26 | 0.6 | $ 339.16 | Further draft and revise reply in support of motion to dismiss. |
| | | | | | | $ 80,174.06 | |

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| MICHAEL WARSHAWSKY and MICHAEL STEINHAUSER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 20-cv-00562 |
| v. | |
| CBDMD, INC. and CBD INDUSTRIES LLC, | |
| Defendants. | |

**DECLARATION OF JEAN S. MARTIN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AWARD, EXPENSE REIMBURSEMENT, AND SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS**

I, Jean S. Martin, being competent to testify, make the following declaration based on my personal knowledge, and where stated, upon information and belief, I declare:

1. I am an attorney duly licensed to practice law in the State of North Carolina and a partner of Morgan & Morgan's Complex Litigation Group. I am one of the Court-appointed Class Counsel for Plaintiffs Michael Warshawsky and Michael Steinhauser ("Plaintiffs) and the Settlement Class in this action against Defendants CBDMD, Inc. and CBD Industries LLC ("Defendants"). I submit this declaration in support of Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees Award, Expense Reimbursement, and Service Awards to Representative Plaintiffs.

2. The following facts are based upon my personal knowledge and if called upon to do so, I could, and would, competently testify thereto.

1

3.   My law firm and I were fully and unequivocally committed to this action and the time-consuming task of prosecuting this litigation to conclusion, and even to trial, as were my co-counsel.  The formidable resources of Morgan & Morgan and our co-counsel the Arnold Law Firm, combined with our substantial privacy and data-breach litigation experience, allowed us to achieve a favorable result for the class of consumers who were affected by the Security Incident which is the subject of this suit. Attached hereto as **Exhibit A** is a true and correct copy of Morgan & Morgan Complex Litigation Group's firm resume.

4.   The majority of my practice for the last 20 years has concentrated on complex litigation, including consumer class actions, mass tort actions, and data breach litigation. I presently serve by appointment as interim co-lead counsel in *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.)(preliminary approval granted for $68 million settlement for 15 million class members), *In re Brinker Data Incident Litig.,* No. 3:18-CV-686-TJC-MCR (M.D. Fla.)(achieved first order in the country granting Rule 23(b)(3) certification in a consumer payment card data breach and decision now on appeal to the Eleventh Circuit), *Combs, et al. v. Warner Music Group*, Case No. 1:20-cv-07473-PGG (S.D.N.Y.), and *In Re: Ambry Genetics Data Breach Litigation*, No. 20-cv-00791 (C.D. Cal.). I also serve as a member of the Plaintiffs' Steering Committee in *In re: American Medical Collection Agency Data Breach Litigation*, 19-md-2904 (D. N.J.) (LabCorp track), *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*, No. 17-md-2775 (D. Md.) and *In re: Allergan Biocell Textured Breast Implant Products Liability Litigation*, No. 19-md-2921 (D. N.J).

5.   I graduated from Wake Forest University School of Law in 1998, where I served as Editor-in-Chief of the *Wake Forest Law Review*. I obtained eDiscovery certification from the eDiscovery Training Academy at Georgetown Law Center in 2017.

6. The work done by my firm in this case includes: researching the cause of the breach and Defendant's public statements and media commentary regarding the events surrounding the breach; investigating the relevant law and appropriate causes of action, drafting the complaint, drafting mediation discovery, communication with Plaintiffs, participating in the mediation, negotiating an excellent settlement for the class, drafting and preparing the notices and claim form, and preparing the preliminary approval motion.

7. Additional time will be spent to respond to any objections, to prepare for and attend the Final Approval Hearing, to defend any appeals taken from the final judgment approving the settlement if such appeals are taken, to respond to inquiries from Settlement Class Members about the case and the Settlement, and to ensure that the distribution of settlement proceeds to Settlement Class Members is done in a timely manner in accordance with the terms of the settlement.

8. I assert that the attorneys' fees sought in the motion for attorneys' fee are reasonable and that Plaintiffs' Counsel seek fair and reasonable compensation for undertaking this case on a contingency basis and for obtaining the relief for Plaintiffs and the Settlement Class. Throughout this action, Defendants have been represented by highly experienced and skilled counsel who deployed very substantial resources on Defendants' behalf.

9. My firm kept detailed records regarding the amount of time its attorneys and professional staff spent on this litigation, and the lodestar calculation is based on my firm's current billing rates. The information was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. Based upon these records, my firm has expended 93.3 hours on this litigation as of May 16, 2022, which, multiplied by the current hourly rates of the attorneys and other professionals, amounts to $83,368.00. The chart below reflects a

3

breakdown of the amount of time spent by myself and other attorneys and professional support staff at my firm in the prosecution of this case:

| Timekeeper | Position | Rate | Total Hours | Total Amount |
| --- | --- | --- | --- | --- |
| Jean S. Martin | Partner | $1,000.00 | 74.80 | $74,800.00 |
| Ryan McGee | Associate | $800.00 | 0.90 | $720.00 |
| Francesca Kester | Associate | $468.00 | 16 | $7,488.00 |
| Jennifer Cabezas | Paralegal | $225.00 | 1.6 | $360.00 |

10. In my judgment, and based on my years of experience in class action litigation and other litigation, the number of hours expended and the services performed by my firm were reasonable and necessary for my firm's representation of Plaintiffs and the Settlement Class.

11. I have general familiarity with the range of hourly rates typically charged by plaintiffs' class action counsel in data breach and complex consumer class actions throughout the United States, both on a current and historical basis. Having practiced in North Carolina for more than 20 years and litigated hourly and contingency cases, including data breach and consumer class actions, I am familiar with the range of hourly rates typical in the state. From that basis, I am able to conclude that the rates charged by my firm are within the range of market rates charged by attorneys and professional staff of equivalent experience, skill and expertise for legal services furnished in complex contingency class action litigation such as this.

12. The hourly rates of the professionals in my firm, including my own, reflect experience and accomplishments in the area of class litigation. The rate of $1,000.00 per hour which I charge for my time is commensurate with hourly rates charged by my contemporaries around the country,

including those rates charged by lawyers with my level of experience who practice in the area of class litigation across the nation, and courts have approved my firms' rates in the following examples: *In Re: Outer Banks Power Outage Litigation*, No. 4:17-cv-141 (E.D.N.C.), *McCoy v. North State Aviation, LLC, et al.,* No. 17- cv-346 (M.D.N.C.), *Linnins v. HAECO Americas, Inc., et al.*, No. 16-cv-486 (M.D.N.C.), *Aguallo, et al. v. Kemper Corp., et al.,* Case No.: 1:21-cv-01883 (N.D. Ill.), *In re: Yahoo! Inc. Customer Data Sec. Breach Litig*., 16-MD-02752-LHK (N.D. Cal.), *Gordon, et al. v. Chipotle Mexican Grill, Inc.*, No. 17-cv- 01415 (D. Colo), *Torres v. Wendy's International, LLC*, No. 6:16- cv-210 (M.D. Fla.), *Lewis, et al., v. Green Dot Corp., et al*., No. 2:16-cv-03557 (C.D. Cal.), *Fuentes, et al. v. UniRush, LLC, et al.,* No. 1:15- cv-08372 (S.D.N.Y.).

13. These rates reflect the risk undertaken due to contingency representation of Plaintiffs given that the firm bore the risk of no payment at all for its services during this litigation. Morgan and Morgan pursued this case on a contingency basis, with no assurances of any payment or repayment.

14. For the reasons described fully in Plaintiffs' Motion and based on my experience and knowledge of this case, it is my opinion that the settlement is in the best interests of the class and is fair, reasonable and adequate.

15. It is my opinion that the Settlement reached by the Parties in this matter provides reasonable and fair monetary benefits to Settlement Class Members that are rationally based upon the amount of actual harm suffered by the Settlement Class.

16. The time described above does not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates. Based upon my firm's records, Morgan & Morgan incurred $7,205.00 in expenses. These costs were necessary to the investigation, prosecution, and settlement of this Action. A breakdown of my firm's costs and expenses, which I assert are reasonable, are pulled from a computerized database

maintained by individuals in the accounting office of my firm and which were checked for accuracy, are reflected below:

| Description | Amount |
|---|---|
| Court Fees and Costs | $680.00 |
| PACER | $47.80 |
| Postage & Shipping | $42.71 |
| Legal Research | $59.49 |
| Stradley, Ronon, Stevens & Young, LLP – Mediator | $6,375.00 |
| Grand Total: | $7,205.00 |

17. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred. It is anticipated that costs may continue to accrue, including, but not limited to, costs associated with preparation and filing of the motion for attorneys' fees and motion for final approval of the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of May, 2022, at Tampa, Florida

/s/ *Jean Martin*
JEAN MARTIN
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 559-4908
jeanmartin@ForThePeople.com

# Exhibit A



Morgan & Morgan is a leading civil trial law firm representing consumers and commercial clients nationwide. With over 700 lawyers, and more than 3,000 non-lawyer employees, Morgan & Morgan is the largest plaintiffs' firm in the nation. Morgan & Morgan maintains over offices throughout the United States. Among its lawyers are former state attorney generals and present and former members of various state legislatures.

Morgan & Morgan has a dedicated Complex Litigation Group staffed with lawyers, paralegals, and retired FBI agents serving as investigators committed to representing consumers in complex litigation, MDL proceedings and class action cases throughout the country. It has achieved many remarkable results in class litigation, including the settlement of *In re Black Farmers Discrimination Litigation*, no. 08-0511 (D.C. Oct. 27, 2017), where one of its partners served as co-lead. The case resulted in a settlement with the United States Government in the amount of $1.2 billion for African American farmers who had been systematically discriminated against on the basis of race, in violation of the Fifth Amendment to the United States Constitution, the Equal Credit Opportunity Act, Title VI of the Civil Rights Act, and the Administrative Procedure Act. Morgan & Morgan has assembled a talented team of lawyers:

**John A. Yanchunis** leads the class action section of the law firm. His practice—which began after completing a two-year clerkship with United States District Judge Carl O. Bue, Jr., S. D. Tex.—has concentrated on complex litigation and spans over 38 years, including consumer class actions for more than two-thirds of that time. As a result of his extensive experience in privacy and data-breach litigation, he regularly lectures at seminars regarding privacy litigation.

Alongside his experience in the area of privacy, he also served as lead, co-lead, and class counsel in numerous national class actions, including multi-district litigation, involving a wide range of subjects affecting consumers, including antitrust, defective products, life insurance, annuities, and deceptive and unfair acts and practices. In 2014, he was recognized by the National Law Journal as a trailblazer in the area of privacy litigation, and in 2020, he was recognized by LAW 360 for the second year in a row as one of 4 MVPs in the area of privacy and cyber security litigation. For his work in the area of privacy litigation, he was awarded lawyer of the year by The Daily Business Review.

As a result of his experience in insurance and complex litigation, beginning in 2005, he was selected by Tom Gallagher, the Chief Financial Officer for the state of Florida and a member of the Florida Cabinet, to serve as lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators of Florida) in their investigations of the insurance industry on issues concerning possible antitrust activity and other possible unlawful activities regarding the payment of undisclosed compensation to insurance brokers. He served as lead regulator counsel and worked with a core group of state Attorneys General from the National Association of Attorneys General, which were selected to conduct the investigations. The insurance regulator for Florida was the only insurance regulator in the group. The litigation that was filed and the related investigations netted millions of dollars in restitution for Florida consumers and resulted in significant changes in the way commercial insurance is sold in Florida and across the country.

During his career, he has tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history, which was filed in 1991 by the Celotex Corporation and its subsidiary, Carey Canada, Inc. During the seventeen years the case pended, he served as lead counsel for several insurance companies, regarding coverage for asbestos and environmental claims. The case was tried in three phases over several years beginning in 1992. He was also lead counsel for these parties in the subsequent appeals that followed a judgment in favor of his clients.

Mr. Yanchunis began his work in privacy litigation in 1999 with the filing of *In re Doubleclick Inc. Privacy Litigation,* 154 F. Supp. 2d 497 (S.D.N.Y. 2001), alleging privacy violations based on the placement of cookies on hard drives of internet users. Beginning in 2003, he served as co-Lead Counsel in the successful prosecution and settlement of privacy class action cases involving the protection of privacy rights of more than 200 million consumers under the Driver's Protection Privacy Act (DPPA) against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis). See *Fresco v. Automotive Directions, Inc.,* No. 03-61063-JEM (S.D. Fla.), and *Fresco v. R.L. Polk,* No. 07-cv-60695-JEM (S.D. Fla.). Subsequently, I also served as co-Lead Counsel in the DPPA class cases, *Davis v. Bank of America*, No. 05-cv-80806 (S.D. Fla.) ($10 million class settlement), and *Kehoe v. Fidelity Fed. Bank and Trust,* No. 03-cv-80593 (S.D. Fla.) ($50 million class settlement).

He has been appointed and served in leadership positions a number of multidistrict litigation in the area of privacy and data breaches: *In re: Capital One Consumer Data Security Breach Litigation,* No. 1:19-MD-2915-AJT (E.D. Va.); *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752-LHK (N.D. Cal.) ("Yahoo") (Lead Counsel) (Court approved $117,500,000.00 common fund settlement for approximately 194 million

US residents and 270,000 Israeli citizens ); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.,* No. 1:14-md-02583-TWT (N.D. Ga.) (co-Lead Counsel) (final judgment entered approving a settlement on behalf of a class of 40 million consumers with total value of $29,025,000); *In Re: Equifax, Inc. Customer Data Security Breach Litigation*, 1:17-md-2800-TWT (N.D. Ga.) (member of the Plaintiffs' Steering Committee) (final judgment entered approving $380.5 million fund for 145 million consumers ); *In re: U.S. Office of Personnel Management Data Security Breach Litigation,* 1:15-mc-01394-ABJ (D.D.C.) ("OPM") (member of the Executive Committee) (active litigation ); *In re Target Corp. Customer Data Sec. Breach Litig.,* MDL No. 2522 (D. Minn.) (Executive Committee member) (final judgment approving a settlement on behalf of a class of approximately 100 million consumers ).

His court-appointed leadership experience in non-MDL, data breach class actions is likewise significant, and to just name several: *Schmidt, et al., v. Facebook, Inc.,* No. 3:18-cv-05982 (N.D. Cal.) (Co-Lead Counsel) ("Facebook") (consolidated complaint filed in February 2019; motion for class certification fully briefed and argued on November 6, 2019); *Walters v. Kimpton Hotel & Restaurant,* No. 3:16-cv-05387 (N.D. Cal.) ("Kimpton") (Lead Counsel) (class action settlement final approval order entered July 11, 2019); and *In re: Arby's Restaurant Group, Inc. Data Security Litigation,* Nos. 1:17-cv-514 and 1:17-cv-1035 (N.D. Ga.) (co-Liaison Counsel) (final approval of a class settlement entered June 6, 2019); and Jackson, et al., v. Wendy's International, LLC, No. 6:16-cv-210-PGB (M.D. Fla.) (final approval of a class settlement entered February 26, 2019); *Henderson v. Kalispell Regional Healthcare*, No. CDV-19-0761 (Montana Eighth Judicial Court – Cascade County) (final approval of class settlement entered January 5, 2021); *In re: Citrix Data Breach Litigation*, No. 19-cv-61350 (S.D. Fla.) (preliminary approval of class action settlement entered on January 26, 2021); *Kuss v. American HomePatient, Inc.,* et al., 18-cv-2348 (M.D. Fla.) (final approval of class action settlement entered on August 13, 2020); *Fulton-Green v. Accolade, Inc*., 18-cv-274 (E.D. Pa.) (final approval of class action settlement entered September 23, 2019); *Nelson v. Roadrunner Transportation Systems, Inc.,* 18-cv-7400 (N.D. Ill.) (final approval of class action settlement entered September 15, 2020).

His experience in these major data breach matters extends far beyond simply briefing threshold issues and negotiating settlements. Rather, he has personally deposed dozens of corporate representatives, software engineers, cyber professionals and CISOs in major data breach cases such as Capital One, Yahoo, Kimpton, and Facebook. In addition, he has defended experts used in these cases and also deposed defense liability and damage experts.

As result of his experience in the area of class litigation and ethics, he has served as an expert for The Florida Bar on ethical issues arising in class action litigation. He is a frequent lecturer on privacy and class litigation nationally and internationally, including at international

conferences, having presented at the University of Haifa's 2019 Class Action Conference, in Haifa, Israel, attended by lawyers, judges and law professors from around the world. In 2020 he lectured on data privacy in Mexico, and in November 2020 he presented on data privacy to an international group of lawyers, judges and professors at a symposium in London sponsored by the London Law Society.

While at the University of Florida Mr. Yanchunis was a member of Florida Blue Key and Omicron Delta Kappa. He received his Juris Doctor degree from the South Texas College of Law in 1980, where he graduated magna cum laude. During law school, Mr. Yanchunis was a member of the Order of the Lytae, Associate Editor-in-Chief and Technical Editor of the South Texas Law Journal.

**Michael F. Ram.** Mr. Ram is a consumer class action lawyer with 38 years of experience. He graduated cum laude from Harvard Law School in 1982. He has co-tried several class action trials and frequently lectures on class trials. In 1992 he was a co-recipient of the Trial Lawyer of the Year Award given by Trial Lawyers for Public Justice for *National Association of Radiation Survivors v. Walters* No. 83-c-1861 (N.D. Cal.) (tried to class-wide judgment on remand from Supreme Court).

From 1993 through 1997, Mr. Ram was a partner with Lieff, Cabraser, Heimann and Bernstein where he represented plaintiffs in several major class actions, including: *Cox v. Shell*, Civ. No 18,844 (Obion County Chancery Court, Tenn.) national class of six million owners of property with defective polybutylene plumbing systems; *In re Louisiana-Pacific Inner-Seal Litigation*, No. 95-cv-879 (D. Oregon) (co-lead counsel) national class of homeowners with defective siding; *ABS Pipe Litigation*, Cal. Judicial Council Coordination Proceeding No. 3126 (Contra Costa County) national class of homeowners.

In 1997, Mr. Ram founded Levy, Ram & Olson which became Ram & Olson and then Ram, Olson, Cereghino & Kopczynski. He was co-lead counsel in many consumer class actions including a national class of half a million owners of dangerous glass pane gas fireplaces in *Keilholtz et al. v. Superior Fireplace Company*, No. 08-cv-00836 (N.D. Cal. 2008). He was co-lead counsel for plaintiffs in *Chamberlan v. Ford Motor Company*, No. 03-cv-2628 (N.D. Cal.), a class action involving defective intake manifolds that generated four published opinions, including one by the Ninth Circuit, 402 F.3d at 950, and settled one court day before the class trial. He was also co-counsel for plaintiffs in a number of other consumer class actions, including: *In re General Motors Corp. Product Liability Lit.* MDL. No. 1896 (W.D. Wash.) (defective speedometers); *Richison v. American Cemwood Corp.,* San Joaquin Superior Court Case No. 005532 defective Cemwood Shakes); *Williams v. Weyerhaeuser,* San Francisco Superior Court Case No. 995787 (defective hardboard siding); *Naef v. Masonite,* Mobile County, Alabama Circuit Court Case No.

CV-94-4033 (defective hardboard siding on their homes); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) (approving class action settlement); *McAdams v. Monier, Inc.* (2010) 182 Cal. App. 4th 174 (reversing denial of class certification in consumer class action involving roof tiles); *Gardner v. Stimson Lumber Co.* (King County Wash. No. 2-17633-3-SEA) (defective siding); *Rosenberg v. U-Haul* (Santa Cruz Superior Ct. No. CV-144045 (certified consumer class action for false and deceptive conduct; tried successfully to judgment); *In re Google Buzz User Privacy Litigation*, No. 10-cv-00672-JW (N.D. Cal. 2011) (international class action settlement for false and deceptive conduct); *Whitaker v. Health Net of California, Inc.*, *and International Business Machines Corp*, No. 2:11-cv-0910 KJM DAD (E.D. Cal.) (electronic privacy class action under the California Confidentiality of Medical Information Act); and *In re Kitec Plumbing System Products Liab. Litigation MDL No 2098*, N.D. Texas, No. 09-MD-2098 (MDL class action involving claims concerning defective plumbing systems).

From 2017 to 2020, Mr. Ram was a partner at Robins Kaplan LLP. In August, 2020, Mr. Ram joined Morgan & Morgan to open a San Francisco office for them. He is currently co-lead counsel in numerous consumer class actions, including *Gold v. Lumber Liquidators,* N.D. Cal. No. 14-cv-05373-RS, a certified multistate class action involving bamboo floors, and *Fowler v. Wells Fargo,* N.D. Cal. No. 3:17-cv-02092-HSG, a class action involving interest charges that settled for $30 million.

**Jean Sutton Martin.** Ms. Martin presently serves by appointment as interim co-lead counsel in *Combs, et al. v. Warner Music Group*, Case No. 1:20-cv-07473-PGG (S.D.N.Y.), *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.)(preliminary approval granted for $68 million settlement for 15 million class members), *In Re: Ambry Genetics Data Breach Litigation*, No. 20-cv-00791 (C.D. Cal.), and. She also serves as a member of the Plaintiffs' Steering Committee for the cases proceeding against LabCorp, Inc. in *In re: American Medical Collection Agency Data Breach Litigation*, 19-md-2904 (D. N.J.). She is a member of the Plaintiffs' Steering Committee in *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*, No. 17-md-2775 (D. Md.) and *In re: Allergan Biocell Textured Breast Implant Products Liability Litigation,* No. 19-md-2921 (D. N.J).

In a case in which she serves as interim co-lead counsel, Ms. Martin argued a motion for class certification which resulted in the first order in the country granting Rule 23(b)(3) certification in a consumer payment card data breach. *In re Brinker Data Incident Litig.,* No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021).

She has served in leadership positions in many consumer class actions and consolidated proceedings in federal courts around the country, including *inter alia*: *Aguallo, et al. v. Kemper Corp., et al.,* Case No.: 1:21-cv-01883 (N.D. Ill.) (data breach settlement valued at over $17.5

million) (co-lead counsel); *Gordon, et al. v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415 (D. Colo.) (data breach) (co-lead counsel); *Linnins v. HAECO Americas, Inc., et al.*, No. 16-cv-486 (M.D.N.C.) (employee data disclosure) (co-lead counsel); *Torres v. Wendy's International, LLC*, No. 6:16- cv-210 (M.D. Fla.) (data breach) (class counsel); *Fuentes, et al. v. UniRush, LLC, et al.*, No. 1:15- cv-08372 (S.D.N.Y.) (disruption in servicing of financial accounts) (co-lead counsel); *Lewis, et al., v. Green Dot Corp., et al.*, No. 2:16-cv-03557 (C.D. Cal.) (disruption in servicing of financial accounts) (class counsel); *Brady, et al. v. Due North Holdings, LLC, et al.*, No. 1:17-cv-01313 (S.D. Ind.) (employee data disclosure) (class counsel); *Foreman v. Solera Holdings, Inc.*, No. 6:17-cv-02002 (M.D. Fla.) (employee data disclosure) (class counsel); *In Re: Outer Banks Power Outage Litigation*, No. 4:17-cv-141 (E.D.N.C.) (extended island power outage due to defective construction practices) (class counsel); and, *McCoy v. North State Aviation, LLC, et al.*, No. 17- cv-346 (M.D.N.C.) (WARN Act violations) (class counsel).

In addition to consumer class actions, Ms. Martin has practiced in the areas of mass tort and catastrophic personal injury litigation. Prior to joining Morgan and Morgan, Ms. Martin ran her own law firm concentrating in consumer class actions and mass tort litigation. She also has served as an adjunct professor at Wake Forest University School of Law.

Ms. Martin received her Juris Doctor degree from Wake Forest University School of Law in 1998, where she served as Editor-in-Chief of the *Wake Forest Law Review*. She obtained eDiscovery certification from the eDiscovery Training Academy at Georgetown Law Center in 2017. Ms. Martin graduated from Wake Forest University with a Bachelor of Science in Mathematical Economics in 1989. She earned a Master of International Business from the University of South Carolina in 1991.

Ms. Martin has been honored with the prestigious "AV" rating by Martindale-Hubbell. In 2016, Ms. Martin was selected by her peers as the foremost Litigation attorney in the State of North Carolina for *Business North Carolina Magazine's Legal Elite*, gaining membership in the *Legal Elite* Hall of Fame. In 2015, she was inducted as a Fellow of the Litigation Counsel of America, a prestigious trial lawyer honorary society comprised of less than one-half of one percent of American lawyers. Fellows are selected based upon excellence and accomplishment in litigation, both at the trial and appellate levels, and superior ethical reputation. For upholding the highest principles of the legal profession and for outstanding dedication to the welfare of others, Ms. Martin has also been selected as a Fellow of the American Bar Foundation, an honorary legal organization whose membership is limited to one third of one percent of lawyers in each state. Since 2012, she has been selected to the Super Lawyers list for North Carolina in the areas of mass torts and class actions, with repeated selection to the Top 50 Women North Carolina list since 2014. Additionally, Ms. Martin has been named by National Trial Lawyers to the Top 100 Trial Lawyers, Top 50 Class Action Lawyers, and Top 50 Mass Torts

Lawyers for North Carolina.

Before entering law school, Ms. Martin worked with the sales finance team of Digital Equipment Company in Munich, Germany developing sales forecasts and pricing models for the company's expansion into the Eastern European market after the fall of the Berlin wall. She also worked as a practice management consultant for a physician consulting group and as a marketing manager for an international candy manufacturer where her responsibilities included product development, brand licensing, market research, and sales analysis.

Ms. Martin is a member of the North Carolina bar, having been admitted in 1998. She is also admitted to practice before the United States Supreme Court, the United States Court of Federal Claims, the United States Court of Appeals for the Fourth Circuit, the Western, Middle, and Eastern Districts of North Carolina, and the United States District Court of Colorado.

***Marcio Valladares.*** Mr. Valladares was born in Managua, Nicaragua and immigrated to the United States during Nicaragua's civil war. In 1990, Marcio obtained a Bachelor of Science degree in psychology from the University of Florida. In 1993, he obtained his Juris Doctor degree, *magna cum laude*, from Florida State University. He is pursuing a Masters in Law (LL.M.) degree from Columbia University, focusing on federal and comparative law.

Before joining Morgan & Morgan, Marcio worked in both the public and private sectors. He served as a judicial law clerk to the Honorable Steven D. Merryday, United States District Judge, Middle District of Florida, and then served as a judicial law clerk to the Honorable Susan H. Black, United States Circuit Court Judge, Court of Appeals for the Eleventh Circuit. Marcio served as an Assistant United States Attorney for the Middle District of Florida. In the private sector, Marcio practiced commercial litigation and insurance defense at Holland & Knight LLP. Marcio also worked as in-house counsel for the Mayo Clinic. Marcio is fluent in English and Spanish.

***Marie Noel Appel.*** Ms. Appel has dedicated her career to representing consumers in both individual and class action cases involving claims under consumer protection laws and other statutory and common law claims. She earned a B.A. in French from San Francisco State University in 1992 and graduated from University of San Francisco School of Law in 1996.

For most of her career, Ms. Appel has been in private practice litigating class claims related to defective products, mortgage fraud/Truth in Lending violations, unfair business practices relating to manufactured home sales, interest overcharges by the United States on military veterans' credit accounts, and

statutory violations by the United States relating to offset of debts beyond the limitations period.

From 2012 to 2019, Ms. Appel left private practice to become the Supervising Attorney of the Consumer Project at the Justice & Diversity Center of the Bar Association of San Francisco which provides free legal services to low-income persons facing consumer issues.

In April 2019, Ms. Appel returned to private practice as Counsel at Robins Kaplan, LLP, then joined Morgan & Morgan in August 2020 where she focuses on class action litigation.

In additional to her legal practice, Ms. Appel is an Adjunct Professor at Golden Gate University School of Law in San Francisco where she teaches legal research and writing, and from 2011 to 2018 supervised students at the Consumer Rights Clinic, in which students performed legal work at the Justice & Diversity Center's Consumer Debt Defense and Education Clinics.

Ms. Appel is admitted to practice in United States District Courts in the Central District of California; the Eastern District of California; the Northern District of California; and the Southern District of California.

***Kenya Reddy.*** Ms. Reddy represents consumers in class action litigation. She graduated from Duke University in 1997 with a degree in political science. In 2000, she received her law degree from the University of Virginia School of Law. Prior to joining Morgan & Morgan, Ms. Reddy was a shareholder at Carlton Fields, P.A., where her primary areas of practice were antitrust, complex civil litigation, class action defense, and business litigation. She also has experience in including labor and employment, products litigation, ERISA and employee benefits law, insurance, healthcare, and securities litigation.

Ms. Reddy has served as a law clerk for the Honorable Charles R. Wilson, United States Circuit Court Judge, Court of Appeals for the Eleventh Circuit, the Honorable Anne C. Conway, former Chief Judge of the United States District Court for the Middle District of Florida, the Honorable Mary S. Scriven, United States District Judge, Middle District of Florida, and the Honorable Karla R. Spaulding, United States Magistrate Judge, Middle District of Florida.

Ms. Reddy was a guest speaker in January 2019 at HarrisMartin's Marriott Data Breach Litigation Conference on the topic of standing in data breach cases. In October 2019, she presented

on the topic of third-party litigation funding at the Mass Torts Made Perfect Conference.

Ms. Reddy is admitted to practice in the Northern, Middle, and Southern Districts of Florida.

**Ryan Maxey.** Mr. Maxey grew up in Tampa, Florida. He attended the University of South Florida, where he obtained Bachelors Degrees in Computer Science and Philosophy. During and after his undergraduate education, Mr. Maxey developed software and databases for Amalie Oil Company, an automotive lubricant manufacturer located in the Port of Tampa. Mr. Maxey later attended law school at the University of Florida, graduating *order of the coif* in 2008.

From 2008 to 2011, Mr. Maxey served as a judicial law clerk to the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, University of Florida. Mr. Maxey then worked at one of the country's largest law firms, Greenberg Traurig, for four years. In 2015, Mr. Maxey joined Morgan & Morgan's Business Trial Group as a lead attorney handling a variety of business litigation matters. Mr. Maxey later started his own law practice, litigating claims related to breach of contract, trade secret misappropriation, the FLSA, the FDCPA, and premises liability.

Mr. Maxey was admitted to the Florida Bar in 2008 and is also admitted to practice in the Middle District of Florida and the Southern District of Florida.

**Ryan J. McGee**. Mr. McGee was born and raised in Tampa, Florida. He studied business economics and history at the University of Florida, where he was a teaching assistant for technology classes in the business school, and received his law degree from Stetson University College of Law, where he was an editor on the *Stetson Law Review*, a research assistant for antitrust and consumer protection laws, and a teaching assistant for Stetson's trial advocacy program.

Ryan began his legal career as a state-appointed prosecutor, where he tried over 50 jury trials to verdict, mostly felonies, as well as a special prosecutor appointed to investigate police officers' deadly use-of-force and corruption within various law enforcement agencies. Ryan also served as a law clerk for two years for the Honorable Elizabeth A. Kovachevich, the former Chief United States District Judge, Middle District of Florida. Before joining Morgan & Morgan, Ryan's practice involved complex business disputes, antitrust, trade secret, data security, and class action investigations and defense-side litigation in state and federal courts across the country.

Since shifting his focus entirely to consumer class action representation, Ryan has been selected as a Florida Super Lawyer Rising Star in 2018 and 2019 in the field of Class Actions, and has extensive privacy and consumer fraud class action experiencing, having actively participated

in the following litigations: *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752-LHK (N.D. Cal.); *In re Equifax, Inc. Customer Data Sec. Breach Litigation*, No. 1:17-md-02800 (N.D. Ga.); *Morrow v. Quest*, No. 2:17-cv-0948(CCC)(JBC) (D.N.J.); *In re Google Plus Profile Litigation*, No. 5:18-cv-06164 EJD (N.D. Cal.); *Kuss v. American HomePatient, Inc., et al.*, No. 8:18-cv-02348 (M.D. Fla.); *Richardson, et al. v. Progressive Am. Ins. Co., et al.*, No. 2:18-cv-00715 (M.D. Fla.); *Hymes, et al. v. Earl Enterprises Holdings, Inc.*, No. 6:19-cv-00644 (M.D. Fla.); *Orange v. Ring, LLC, et al.*, No. 2:19-cv-10899 (C.D. Cal.).

Ryan was admitted to the Florida Bar in 2009 and is also admitted to practice in the Northern, Middle, and Southern Districts of Florida.

**Patrick Barthle.** Mr. Barthle was born and raised in Dade City, Florida. He attended the University of Florida where he was admitted to the Honors Program and graduated, *cum laude*, with a double major in History and Criminology in 2009. While at UF, Patrick was inducted into the Phi Beta Kappa Honor Society and served as President of the Catholic Student Center. Patrick attended Washington and Lee University School of Law, graduating *summa cum laude* in 2012; where he was a Lead Articles Editor for the Wash. & Lee Law Review, a member of the Order of the Coif and the Phi Delta Phi Legal Honor Society, and President of the W&L Law Families organization.

Before joining Morgan & Morgan in 2015, Patrick worked at one of the country's largest law firms, Greenberg Traurig, LLP, and then served as a judicial law clerk for two years to the Honorable Mary S. Scriven, United States District Judge, Middle District of Florida. Patrick has extensive privacy and consumer fraud class action experiencing, having actively participated in the following litigations: *In re: Capital One Consumer Data Security Breach Litigation,* No. 1:19-MD-2915-AJT (E.D. Va.); *In re: U.S. Office of Personnel Management Data Security Breach Litigation*, 1:15-mc-01394-ABJ (D.C.); *Torres v. Wendy's International, LLC*, No. 6:16-cv-210 (M.D. Fla.); *Morrow v. Quest Diagnostics, Inc*., No. 2:17-cv-0948 (Dist. NJ); *In Re: Equifax, Inc. Customer Data Security Breach Litigation*, 1:17-md-2800-TWT (N.D. Ga.); *In re The Home Depot, Inc. Customer Data Security Data Breach Litigation*, No. 1:14-md-02583-TWT (N.D. Ga.); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 16-md-02752-LHK (N.D. Cal.); and *Finerman v. Marriott Ownership Resorts, Inc.*, Case No.: 3:14-cv-1154-J-32MCR (M.D. Fla.).

Patrick was selected as a Florida Super Lawyer Rising Star in 2019 in the field of Class Actions. He is also active in speaking on privacy and class action topics, having spoken in June 2018, at the NetDiligence Cyber Risk Summit on the topic of Unauthorized Use of Personal Data; in November 2018 at the American Association for Justice's Advanced 30(b)(6) Seminar, on the topic of 30(b)(6) Depositions in in Data Breach Cases; and in January 2019 at HarrisMartin's Marriott Data Breach Litigation Conference on that topics of damage models and settlements in

data breach cases; and Rule 23(c)(4) classes at the Mass Torts Made Perfect conference.

Mr. Barthle was admitted to the Florida Bar in 2012 and is also admitted to practice in the Middle District of Florida, the Southern District of Florida, and the District of Colorado.

**Francesca Kester.** Ms. Kester was born and raised in Scranton, Pennsylvania. She attended Marywood University, where she graduated with a major in English Literature, and The Pennsylvania State University's Dickinson School of Law, where she received her Juris Doctor degree in 2017. While at Dickinson, Ms. Kester competed in the American Bar Association's National Appellate Advocacy Competition, where she was awarded the highest honor for her legal brief writing, and the Texas Young Lawyer's National Trial Competition, where she finished as a regional finalist. Ms. Kester also served as Executive Chair of the Dickinson Law Moot Court Board, Founder of the Dickinson Law partnership with Big Brothers Big Sisters, and Student Director of the Bethesda Mission Men's Shelter legal clinic. At graduation, she was honored with the D. Arthur Magaziner Human Services Award for outstanding academic achievement and service to others, the Joseph T. McDonald Memorial Scholarship for excellence in trial advocacy, and the peer-selected Lee Popp Award for her devotion to the legal field.

Ms. Kester interned as a judicial clerk to United States Magistrate Judge Martin C. Carlson while in law school. After graduation, she served for two years as a law clerk to the Honorable James M. Munley in the United States District Court for the Middle District of Pennsylvania. Ms. Kester is a member of the Lackawanna County Bar Association, the Pennsylvania Bar Association, the American Association for Justice, and Order of the Barristers. In 2018 and 2019, she served as the attorney advisor for her alma mater's high school mock trial team, coaching them to a first place finish in the state and ninth in the nation.

Ms. Kester is admitted to practice law in both Pennsylvania and Florida.

**Ra O. Amen.** Mr. Amen was raised in both the California Bay Area and Massachusetts. In 2005, Ra graduated from Stanford University with a B.A. in Economics. After graduating, Ra worked as a Peace Corps volunteer in Morocco teaching English as a second language and business skills to local artisans. Before entering law school, Ra worked for several years in education and in business development for a mobile technology startup. In 2017, he obtained his Juris Doctor degree with Honors from Emory University School of Law. While at Emory Law, he was a Managing Editor of the Bankruptcy Developments Journal, interned at a consumer fraud law practice, and worked in-house with one of the globe's leading metals companies assisting in a diverse array of legal issues ranging from corporate restructuring to international tax and contract disputes. Before joining Morgan & Morgan in 2020, Mr. Amen worked at one of the

nation's largest defense law firms in the nation where he specialized in representing clients in complex commercial, administrative, and ecclesiastical disputes.

Ra speaks both English and Spanish, and is an avid guitar player.

Ra was admitted to the Georgia Bar in 2017.

**David Reign.** Mr. Reign is the former Assistant Special Agent in Charge of the Tampa FBI Field office, with nearly 25 years of investigative experience. He has investigated and managed some of the FBI's most complex white-collar crime cases, with an emphasis on health care fraud, public corruption, and financial crimes. As Deputy Chief of the Enron Task Force, he led a team of investigators and analysts in the successful investigation and prosecution of several executives of the Enron Corporation. He received the Attorney General's Award for Exceptional Service for his work on the Enron matter.

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan,<br><br>                              Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., and Aon Hewitt Investment Consulting, Inc.,<br><br>                              Defendants. | Case No. 5:18-cv-00075-KDB-DCK<br><br>**DECLARATION OF KAI RICHTER IN SUPPORT OF PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS, ADMINISTRATIVE EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARD** |

I, Kai Richter, hereby submit this Declaration in support of Plaintiff's Motion for Approval of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award.

## Professional Overview

1.     I am a partner at Nichols Kaster, PLLP ("Nichols Kaster"), and I am one of the attorneys appointed by the Court to represent the Settlement Class in the above-captioned action.

2.     I am currently licensed in good standing to practice law in the State of Minnesota, and also have been admitted to practice in several federal district courts and appellate courts across the country. A list of jurisdictions and courts in which I am admitted is set forth below:

| |
|---|
| Supreme Court of the United States |
| 1st Circuit Court of Appeals |
| 2nd Circuit Court of Appeals |
| 3rd Circuit Court of Appeals |
| 6th Circuit Court of Appeals |
| 8th Circuit Court of Appeals |
| 9th Circuit Court of Appeals |
| U.S.D.C. for the District of Minnesota |
| U.S.D.C. for the Eastern District of Michigan |
| U.S.D.C. Western District of New York |
| U.S.D.C. Eastern District of Wisconsin |
| Minnesota Supreme Court |

I am in good standing in every jurisdiction in which I have been admitted to practice.

3.      I have been actively engaged in the practice of law since 1999, and have substantial class action experience and other complex litigation experience.

4.      Since joining Nichols Kaster in April 2010, my practice has focused exclusively on class action cases. I have been appointed class counsel for litigation or settlement purposes in over thirty class cases, including over twenty ERISA cases. In connection with those cases, I have personally negotiated class action settlements providing for more than $450 million in available relief to class members nationwide. A more detailed explanation of my professional background is contained in my prior Declaration is support of Plaintiff's Motion for Preliminary Approval of Partial Class Action Settlement (Dkt. 221-1) ("First Declaration").

## Law Firm Overview

5.      Nichols Kaster has been engaged in the practice of law for over 30 years, and is devoted to representing the interests of both consumers and employees. The firm has offices in Minneapolis and San Francisco, and currently employs 39 attorneys and a sizeable staff of paralegals, legal assistants, class action clerks, and information technology professionals. A copy of Nichols Kaster's law firm resume (which includes attorney biographies) was previously filed in this action as Exhibit C to my First Declaration (Dkt. 221-5).

6.      Nichols Kaster has extensive class action experience, including experience litigating ERISA class actions such as this. The firm has been appointed lead counsel or co-counsel on hundreds of class and collective actions, and has recovered over $750 million for its clients.

7.      Nichols Kaster was named one of the top 50 elite trial firms by National Law Journal in September 2014, and also has been ranked as a Best Law Firm by U.S. News and World Report.

8.     The firm's lawyers have litigated dozens of cases through trial, and have managed discovery in cases involving millions of pages of documents. The firm is also well regarded for its appellate work, and has been involved in two successful appeals before the United States Supreme Court, *Perez v. Mortgage Bankers Ass'n*, 135 S. Ct. 1199 (2015) and *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325 (2010).

## Work Performed by Class Counsel

9.     Nichols Kaster has devoted a significant amount of time to this matter. Among other things, we (1) conducted a thorough investigation of the class-wide claims; (2) drafted a detailed Class Action Complaint (Dkt. 1) and First Amended Complaint (Dkt. 84); (3) responded to the Lowe's Defendants' Motion to Dismiss the Complaint (Dkt. 38) and appeared in-person for the motion to dismiss hearing; (4) responded to the Lowe's Defendants' appeal from the Magistrate Judge's Report and Recommendation; (5) propounded numerous discovery requests and repeatedly met and conferred with Defendants regarding discovery; (6) analyzed over 400,000 pages of documents produced by Defendants and additional data regarding the class; (7) produced over 2,400 pages of documents; (8) pursued relevant discovery from six non-parties[1] and reviewed nearly 25,000 pages of documents produced by those non-parties; (9) took seven depositions of fact witnesses and defended the deposition of the named Plaintiff; (10) engaged five experts (Brian Becker, Eric Dyson, David Donaldson, Steve Pomerantz, and Marcia Wagner) to consult on fiduciary process, conflicts of interest, Plan investment, and appropriate damages comparators and calculation methods; (11) defended or deposed a total of nine expert witnesses; (12) filed a Motion to Compel Discovery from Defendant Aon Hewitt Investment Consulting, Inc. (Dkt. 106); (13)

---

[1] These non-parties included Callan LLC, Gallagher Fiduciary Advisors LLC, NEPC LLC, PricewaterhouseCoopers LLP, Wells Fargo Bank N.A., and Willis Towers Watson.

filed a Motion to Strike the Lowe's Defendants' amended Rule 26(a) disclosures (Dkt. 121); (14) filed and responded to cross motions for summary judgment (Dkt. 134, 137, & 140); (15) responded to Defendants' *Daubert* motions (Dkt. 173, 174); (16) participated in a mediation with Martin F. Scheinman and all parties, and prepared a lengthy mediation statement in advance; (17) engaged in a second mediation with the Lowe's Defendants, which resulted in the present Settlement with the Lowe's Defendants; (18) drafted the Settlement Agreement and exhibits thereto (including the Settlement Notices, Former Participant Rollover Form, and the proposed preliminary and final approval orders); (19) prepared Plaintiff's Preliminary Approval Motion papers; (20) reviewed the bid received from the settlement administrator (Analytics Consulting LLC); (21) reviewed the final drafts of the Settlement Notices prepared by Analytics, and ensured that they were timely mailed by Analytics; (22) worked with Analytics to create a settlement website and telephone line for Class Members who wished to obtain additional information about the Settlement; (23) communicated with Class Members who contacted our office; (24) consulted with Plaintiff as the named Class Representative throughout the course of the case; and (25) prepared the present motion and supporting papers. This work is further detailed in my First Declaration (Dkt. 221-1).

10. The work summarized above required the efforts of numerous attorneys and professional staff at Nichols Kaster. Attached hereto as **Exhibit 1** is a true and correct copy of Nichols Kaster's timekeeper summary in this action. As reflected by this summary, Nichols Kaster attorneys and professional staff have expended approximately 8,203 hours pursuing this matter (exclusive of time spent on the trial or other non-settlement related matters after reaching a partial settlement). Our co-counsel and his firm invested approximately 260 additional hours (as reported in his declaration), for a grand total of approximately 8,463 hours invested by all Class Counsel.

We would be happy to provide detailed timekeeper descriptions supporting this time if the Court deems it necessary or helpful.

11.    Nichols Kaster's reported timekeeper rates for ERISA actions such as this range from $650 to $900 per hour for attorneys with more than 10 years of experience, $425 to $600 per hour for attorneys with 10 years or less experience, and $250 per hour for paralegals, law clerks, and other support staff. In setting these rates, our firm is cognizant of the rates approved in other ERISA class action cases (as set forth in our accompanying Memorandum of Law), as well as the rates charged by the defense bar in this field.

12.    All of the work of Class Counsel has been undertaken on a contingent basis. To date, Class Counsel have not been compensated for any of this work. Based on the hourly rates and work performed, the reported lodestar for our firm amounts to $4,648,248.75, and the total lodestar for all firms amounts to $4,763,951.25. *See Ex. 1.*

13.    In my professional opinion, and based on my personal knowledge of the work that was performed and the requirements of this case and similar cases, the time that our firm and Mr. Allen's firm expended on this action was reasonable and necessary.

14.    After the date of this Declaration, we expect to perform additional work on behalf of the Settlement Class, including (1) drafting Plaintiff's motion for final approval of the Settlement; (2) communicating with the Independent Fiduciary engaged by the Lowe's Defendants as part of the independent review of the proposed release on behalf of the Plans (as called for by Prohibited Transaction Exemption 2003-39 and Paragraph 2.2 of the Settlement Agreement); (3) preparing for and attending the final approval hearing; (4) if final approval is granted, supervising the Settlement Administrator and Escrow Agent to ensure proper and efficient distribution of

payments to the Class Members; (5) responding to questions from Class Members; and (6) taking other actions necessary to support the Settlement until the conclusion of the Settlement Period.

**Litigation Costs**

15.     In connection with the action, Nichols Kaster advanced all costs of litigation. Because our law firm handled this action on a contingent basis, we have not yet received reimbursement for any of these expenses.

16.     Through the date of Settlement (April 22, 2021), Nichols Kaster has incurred $1,225,767.08 in litigation costs in connection with this action. These expenses are broken down below:

| Category | Cost |
| --- | --- |
| Expert Fees | $1,066,770.50 |
| Travel Expenses | $12,046.26 |
| Transcripts | $36,251.70 |
| Financial Data Charges | $23,473.71 |
| Postage, Shipping, Copies | $1,232.41 |
| PACER | $26.80 |
| Public Records | $6.50 |
| Relativity Database Hosting and Storage | $5,035.98 |
| Filing Fees | $2,648.00 |
| Mediation Fee | $13,175.00 |
| Videoconferencing | $16.18 |
| Process/Courier Service | $1,800.00 |
| Subpoena Charges | $5,666.45 |
| Class Notice (pre-settlement) | $57,617.59 |
| **TOTAL (Nichols Kaster only)** | **$1,225,767.08** |

Our co-counsel has reported $443.84 in additional litigation costs, for a total of $1,226,210.92. We are only seeking reimbursement of half of these expenses ($613,105.46) in connection with the present Settlement.

17.     The above expenses do <u>not</u> include expenses of settlement administration, which are broken out separately below. *See infra* at ¶¶ 19-21. Nor do they include expenses associated

with the recent trial. In the event that the Court would like further detail or documentation concerning our litigation expenses, we would be happy to provide it.

18.    In my professional opinion, and based on my experience prosecuting this action and overseeing the conduct of the litigation, these expenses were reasonable and necessarily incurred in connection with the action.

## Settlement Administration Expenses

### *Settlement Administrator*

19.    Analytics Consulting LLC ("Analytics") has been selected to serve as the Settlement Administrator in this matter. *See Settlement Agreement at ¶ 1.49*. Analytics has extensive experience administering class action settlements, including several ERISA settlements.[2] Based on the bid submitted by Analytics, it will cost $160,545 (under $2.20 per Settlement Class Member) to administer the settlement in this action. This covers all settlement administration work required by the Settlement Agreement, including: (1) preparing and mailing the Settlement Notices (including postage costs); (2) searching for valid addresses for any Settlement Class Members whose Notices were returned as undeliverable; (3) reviewing and processing Former Participant Rollover Forms submitted by Former Participant Class Members; (4) establishing a telephone support line for Settlement Class Members; (5) creating and maintaining the Settlement Website; (6) distributing the notices to government officials required by the Class Action Fairness Act ("CAFA"); and (7) managing the project and communicating with the parties regarding the status of settlement administration. In addition, upon final approval of the Settlement, Analytics will calculate payments to Settlement Class Members pursuant to the

---

[2] A copy of Analytics' company profile was previously submitted with Plaintiff's motion for preliminary approval of the Settlement. *See ECF No. 221-6.*

Plan of Allocation, and facilitate delivery of settlement payments to Settlement Class Members as provided by the Settlement.

### *Escrow Agent*

20.     Alerus Financial ("Alerus") has been selected to perform the duties of the Escrow Agent under the Settlement Agreement. *See Settlement Agreement (Dkt. 221-3) at ¶ 1.23*. Alerus has successfully performed a similar role with respect to several other ERISA class action settlements. Consistent with the rate charged in other cases, Alerus has agreed to a flat fee of $2,500 (representing 0.02% of the Settlement Fund) for its services as Escrow Agent.

### *Independent Fiduciary*

21.     Additional administrative expenses will be incurred relating to the review of the proposed release on behalf of the Plan by the Independent Fiduciary appointed pursuant to PTE 2003-39 and Paragraph 2.2 of the Settlement Agreement. Under the Settlement Agreement, the Lowe's Defendants are responsible for arranging the required review by the Independent Fiduciary, and the expense is an Administrative Expense that may be paid from the Settlement Fund. *See Settlement Agreement ¶¶ 1.3; 2.2*. We understand that Defendants have engaged Jim Carroll of Carroll Services LLC to perform the role of the Independent Fiduciary, and the fee for his services in this matter will be $40,000.

### <u>Assistance of the Class Representative</u>

22.     It has been my honor to represent Plaintiff Benjamin Reetz as the class representative in this matter.[3]

---

[3] Our firm had no relationship with Mr. Reetz prior to being engaged in this matter. At the outset of the litigation, we agreed to a take the matter on a one-third contingent fee basis, and also agreed to advance all necessary costs and expenses subject to reimbursement.

23.     Throughout the course of this action, Mr. Reetz has been mindful of his responsibilities as class representative, and has actively participated in the action. Among other things, he (1) reviewed the allegations in the Complaint and operative First Amended Complaint; (2) provided information and documents to our firm and communicated with our firm throughout the case; (3) produced documents in response to Defendants' discovery requests; (4) reviewed and signed answers to interrogatories; (5) appeared for his deposition; and (6) reviewed the Settlement Agreement with the Lowe's Defendants. In addition, Mr. Reetz traveled from McCleary, Washington to Charlotte, North Carolina to testify as the class representative and be present during the entirety of the trial held in this matter.

24.     Based on the time and assistance that Mr. Reetz has provided as Class Representative, the risks he assumed, and the benefits that he has helped obtain for the Settlement Class, I believe that the requested class representative service award is reasonable and appropriate.

## No Objections

25.     The Settlement Notices that were approved by the Court disclosed the terms of the Settlement and also contained an explanation of the attorneys' fees, expenses, and class representative service award that would be sought in connection with the Settlement. To my knowledge, none of the Class Members have objected to the Settlement terms or the proposed fees, expenses, or service award as of the date of this motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 13, 2021                    */s/ Kai H. Richter*
                                         Kai H. Richter